IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ETHAN SANDOMIRE,<br><br>　　　　　　　　Defendant. | CR. NO. 20-00085 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT, ECF NO. 59 |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT, ECF NO. 59

### I. INTRODUCTION

On September 30, 2020, a federal grand jury indicted Defendant Ethan Sandomire ("Defendant") with two counts: possession of a chemical weapon in violation of 18 U.S.C. § 229(a) (count 1) and possession of an unregistered destructive device in violation of 26 U.S.C. § 5861(d) (count 2).  ECF No. 38 at PageID ## 145-46.

Before the court is Defendant's November 24, 2020 Motion to Dismiss Count Two of the Indictment (the "Motion"), ECF No. 59.  Defendant seeks dismissal of count 2 based on two separate grounds: that the charge fails to

state an offense and that it is duplicitous. ECF No. 59-1.[1] The Government filed its Opposition on December 10, 2020, ECF No. 66, and Defendant filed a Reply on December 28, 2020, ECF No. 74. In his Reply, Defendant also asserts that the Indictment presents a "legally invalid theory" because count 2 was pled in the disjunctive. ECF No. 74 at PageID # 1929. A hearing was held on January 11, 2021, ECF No. 88. After careful review, the court DENIES Defendant's Motion in full.

## II. DISCUSSION

Count 2 charges:

> Possession of an Unregistered Destructive Device
> (26 U.S.C. § 5861(d))
>
> From on or about January 12, 2020, to a precise date unknown in or around March 2020, in the District of Hawaii, ETHAN SANDOMIRE, the defendant, knowingly possessed a firearm, namely, a combination of parts either designed or intended for use in converting any device into a destructive device, and from which a destructive device may readily be assembled, that was not registered to him in the National Firearms Registration and Transfer Record.

---

[1] Federal Rule of Criminal Procedure 12(b)(3) requires a defendant to raise by pretrial motion any defense which "can be determined without a trial on the merits." Among Rule 12(b)(3)'s enumerated list of defenses that must be raised pretrial include a "failure to state an offense," Rule 12(b)(3)(B)(v), and the "joining two or more offenses in the same count (duplicity)," Rule 12(b)(3)(B)(i).

> All in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

Indictment, ECF No. 38 at PageID # 146.

As a preliminary matter, the court considers the effect of the disjunctively charged count in the Indictment. The court then considers whether this charge fails to state an offense and whether it is duplicitous.

**A.     Disjunctive Charging**

For the purpose of the charged offense, a "firearm" includes a "destructive device," which in turn includes "any combination of parts *either designed or intended* for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term 'destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon." 26 U.S.C. §§ 5845(a),(f) (emphasis added). Tracking the statutory definition, the Indictment charges Defendant with possessing a firearm "*either designed or intended* for use in converting any device into a destructive device." *Id.* (emphasis added). In his Motion to Dismiss, Defendant challenged both the "designed" and "intended" prongs of the definition as applied to his alleged conduct. *See* ECF No. 59-1 at PageID ## 1266-67. But in its Opposition, the United States has clarified that it is relying solely on the "intended" prong, *see* ECF No. 66 at PageID #1853. In

response to this clarification, Defendant's Reply questions the "implications of including [the] legally invalid [design] theory in the Count presented to the Grand Jury."  ECF No. 74 at PageID # 1929.

It is well-established that where, as here, "a statute specifies two or more ways in which an offense may be committed," an indictment may allege all of them "in the conjunctive in one count and proof of any [one] of those acts conjunctively charged may establish guilt."  *United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009) (quoting *United States v. Urrutia*, 897 F.2d 430, 432 (9th Cir. 1990) (per curiam)).  This rule is sensible because when an offense is conjunctively pled, it is clear that any offense a defendant is convicted of is also an offense they were indicted on.  The same does not necessarily hold true when an offense is pled disjunctively.  Thus, the better practice is to plead in the conjunctive.  *Renteria*, 557 F.3d at 1008 ("It is proper for the government to charge different means of a crime connected by conjunctions in the indictment when the means are listed disjunctively in the statute.").

But here, the disjunctive pleading does not render the Indictment defective.  An indictment is sufficient if it: (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"; and (2) "enables him to plead an acquittal or conviction in bar of future

4

prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted).  The Indictment repeatedly discusses Defendant's intent to create a destructive device and never mentions components already designed for destruction.  *See, e.g.*, Indictment at ¶¶ 2, 9, 15, 40, 41, ECF No. 38 at PageID ##134, 135-36, 137, 144-45.  These allegations render the Indictment sufficient because it is obvious that the grand jury charged only on the "intended" prong and found probable cause on that prong.  *See United States v. Alber*, 56 F.3d 1106, 1111-12 (9th Cir. 1995) (explaining that an indictment must be read with "common sense and practicality" and holding sufficient an indictment that did not specify whether defendant was charged with mailing threatening communications or mailing threatening communications with intent to extort, because the indictment alleged the defendant had threatened to amputate the limbs of the victim's child and "common sense would tell any reader that the letter was sent with the intent to extort"); *United States v. Awad*, 551 F.3d 930, 935-36 (9th Cir. 2009) (holding indictment sufficient where the statutory term "willfully" was omitted but where "an inference of willfulness is obvious because of the facts alleged in the indictment"); *cf. United States v. Miller*, 471 U.S. 130, 136 (1985) ("As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated

by the fact that the indictment alleges more crimes or other means of committing the same crime.").

In short, the disjunctive pleading, though not good practice, does not call into question the sufficiency of the Indictment.

**B.     Failure to State an Offense**

"On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an offense or it doesn't." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

To state an offense, an indictment need only be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment that tracks the statutory language is generally sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense. *See Hamling*, 418 U.S. at 117-18; *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013); *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981). The charge "must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove

those facts." *Mancuso*, 713 F.3d at 790 (quoting *United States v. Cochrane*, 985 F.2d 1027, 1035 (9th Cir. 1993)).

"[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Specifically, "[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the evidence." *Jensen*, 93 F.3d at 669 (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). Thus, a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. *Id*. When a defendant moves to dismiss based upon the government's alleged inability to prove an element of the offense, the court must determine if the issue raised is "entirely segregable from the evidence to be presented at trial." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). If resolution of the motion is "substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Id*. (internal quotations and citation omitted).

Defendant makes several arguments as to why count 2 fails to state an offense, all of which fail. First, Defendant argues that "the indictment fails to include a statement of essential facts constituting the offense changed." ECF No.

59-1 at PageID # 1266.  More specifically, Defendant argues that count 2 fails to state an offense because it doesn't allege a specific combination of parts or the dates upon which a combination of parts was possessed by Defendant.  *Id.* at PageID ##1266-67.  But this argument contains a false premise—that the indictment is required to include these facts in the first instance.  As set forth above, an indictment that tracks the offense in the words of the statute is generally sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense.  *Hamling*, 418 U.S. at 117-18.  Put differently, the indictment need only provide the essential facts necessary to apprise that defendant of the crime charged.  Count 2 easily meets this standard.  The indictment clearly sets forth the essential facts necessary to apprise Defendant of the charge and it is not required to do more, such as "specify the theories or evidence upon which the government will rely to prove those facts."  *Mancuso*, 718 F.3d at 790.

   Defendant next asks a series of questions as to the scope of the government's evidence.  For example, Defendant asks "[w]here does the 5-gallon paint bucket seized from Sandomire's bedroom on March 29 fit in?  Was this bucket part of a combination of parts?  If so, what else was part of this combination, when was the combination possessed, and what destructive device

8

was intended and capable of ready assembly?" ECF No. 59-1 at PageID ## 1267-68. But, again, Defendant provides no basis for the court to dismiss a charge that sets forth each essential element of the offense. That the charge fails to provide Defendant with all the factual detail that he may desire provides no basis for dismissal.

Defendant's premise is incorrect for a second reason—the Indictment does, in fact, set forth the combination of parts that Defendant allegedly possessed: aluminum powder, potassium perchlorate, time fuses, electronic matches, nichrome igniters, wireless firing systems, twelve-gauge perimeter alarms, and ignition systems. Indictment at ¶ 9, ECF No. 38 at PageID ## 135-36. Defendant admits this in his Reply, *see* ECF No. 74 at PageID # 1931, but then argues that "the indictment does not allege that he possessed a container *in combination with* these parts." *Id*. This argument fails for two reasons. First, the government states that "[i]f the explosive powder is voluminous enough, as will be proven at trial in this case, a container is not even necessary, because the weight of the powder itself is enough to self-contain the explosion and cause a detonation." ECF No. 66 at PageID # 1856. Second, the law

> requires only that the defendant possess a combination of
> parts from which a functional device 'may be readily
> assembled' . . . Thus, if the defendant lacks a part
> necessary to render the device functional, the 'readily

> assembled' element can still be met so long as the
> defendant could acquire the missing part quickly and
> easily, and so long as the defendant could incorporate the
> part into the device quickly and easily.

*United States v. Kirkland*, 909 F.3d 1049, 1053 (9th Cir. 2018).[2] And whether a defendant could acquire and assemble that missing part as required by *Kirkland* is a "factbound issue that juries will have to resolve on a case-by-case basis." *Id.* In other words, this is a question for the jury, not the court.

In short, Defendant seeks what he cannot in a criminal case—"a pre-trial determination of the evidence." *Jensen*, 93 F.3d at 669 (quoting *Critzer*, 951 F.2d at 307). Count 2 does what it must: it fully, directly, and expressly sets forth all the elements necessary to constitute the offense. Count 2 states an offense and is not deficient.

## C. Duplicity

Defendant next argues that because count 2 fails to allege which parts were possessed in combination on which days, it is impermissibly duplicitous, alleging "facts which give rise to multiple potential combinations of parts and

---

[2] Although this quoted language refers to the Gun Control Act, 18 U.S.C. § 921(a)(4)(C), *Kirkland's* analysis "applies equally to the definition provided in the National Firearms Act." 909 F.3d at 1052.

multiple arguable destructive devices." ECF No. 59-1 at PageID # 1269. The court disagrees.

> An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count. In reviewing an indictment for duplicity, our task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count.

*Mancuso*, 718 F.3d at 792 (internal quotation marks and citations omitted).

First, as set forth above, the Indictment *does* allege which combination of parts Defendant possessed—aluminum powder, potassium perchlorate, time fuses, electronic matches, nichrome igniters, wireless firing systems, twelve-gauge perimeter alarms, and ignition systems. Indictment at ¶ 9, ECF No. 38 at PageID ## 135-36. Second, in its Opposition the United States makes clear that Defendant's concern that count 2 could give rise to "potential combinations of parts and multiple arguable destructive devices" is unfounded. That is, the United States represents that it will prove "possession of a *single* destructive device," that the possession involves a specific combination of parts, and that possession occurred over the period of several months. ECF No. 66 at

///

///

PageID # 1860.[3]  The United States will be held to this representation at trial—that is, it will be permitted to present evidence, as alleged in count 2, that Defendant knowingly possessed a specific combination of parts intended for and from which a single destructive device may be readily assembled.  Given these facts, there is simply no concern that count 2 is duplicitous.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count 2 is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 21, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sandomire*, Cr. No. 20-00085 JMS, Order Denying Defendant's Motion to Dismiss Count 2 of the Indictment, ECF No. 59

---

[3]  Because possession of an unregistered destructive device is a continuing offense, *see Von Eichelberger v. United States*, 252 F.2d 184, 185 (9th Cir. 1958), an indictment can properly charge the possession of that device over a period of time without implicating duplicity concerns. *Mancuso*, 718 F.3d at 792.  Stated differently, "[t]he continuous nature of [an offense] prevents the indictment from being duplicitous." *Id.* (quoting *United States v. Anderson*, 605 F.3d 404, 415 (6th Cir. 2010)).